Warren E. Gluck, Esq.
Matthew R. DiBlasi, Esq.
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
(212) 513-3200
warren.gluck@hklaw.com
matthew.diblasi@hklaw.com

*Attorneys for Plaintiff-Judgment-Creditor*
*FG Hemisphere Associates, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FG HEMISPHERE ASSOCIATES, LLC, | 19-mc-00232-JPO |
| Plaintiff-Judgment-Creditor, | |
| v. | **DECLARATION OF WARREN E. GLUCK** |
| DEMOCRATIC REPUBLIC OF CONGO, et ano., | |
| Defendant-Judgment-Debtor. | |

**WARREN E. GLUCK**, an attorney duly admitted to practice before the United States District Court for the Southern District of New York, declares under penalty of perjury, in accordance with the provisions of 28 U.S.C. § 1746, as follows:

1.      I am a partner with the firm of Holland & Knight LLP, attorneys for plaintiff FG Hemisphere Associates, LLC ("Plaintiff").  I am familiar with the facts and circumstances underlying this dispute and respectfully submit this declaration in support of Plaintiff's *ex parte* application pursuant to Rule 69 of the Federal Rules of Civil Procedure ("FRCP") and Article 52 of New York's Civil Practice Law and Rules ("CPLR"): (i) authorizing Plaintiff to deliver writs of execution to the United States Marshals Service pursuant to Article 52 of the CPLR permitting execution on the Democratic Republic of Congo ("DRC") and its agents' property in the United States; (ii) authorizing Plaintiff to issue

restraining notices on TD Bank and the United Nations Federal Credit Union ("UNFCU") accounts of the DRC and its sub-division, the Permanent Mission of the Democratic Republic of Congo ("DRC Mission"), Ignace Gata Mavita wa Lufuta, Paul Losoko Efambe Empole, Victoria Lieta Liolocha, Hippolyte Kingonzila Mfulu, Bianza Therese Yvette Mpinga or Marie Huguette Nkus Ngung (collectively the "Co-Conspirators") pursuant to Federal Rules of Civil Procedure ("FRCP") 64 and 69(a) and CPLR § 5222; (iii) directing TD Bank and the UNFCU, as garnishees, pursuant to FRCP 64 and 69(a) and CPLR §§ 5225(b) and 5227, to turn over all assets of the DRC and its sub-division, the DRC Mission, held in accounts in the name of the DRC Mission or in the names of any of the Co-Conspirators; (iv) permitting Plaintiff to maintain priority over other creditors who may also seek to attach or execute upon the same assets subject to this *ex parte* application; (v) requiring the DRC and its agents to respond to expedited discovery so that Plaintiff can identify any additional property in the United States that is or will become available to satisfy Plaintiff's judgments; and (vi) for such other and further relief as the Court deems appropriate.

2.      Attached hereto as **Exhibit 1** is a true and correct copy of a December 21, 2015 order from the United States District Court for the District of Columbia reviving a judgment issued by the court on September 19, 2004 in the amount of $11,725,844.96, together with interest at the annual rate of 9% on the sum of $11,179,266.36, to be calculated based on the amount of each overdue installment included in said sum, starting on the respective due date and up to the date of full payment, plus interest at the annual rate of 5% on the sum of $546,578.60, starting on March 4, 2001 and up to the date of full payment, together with fees and costs (the "2004 Judgment").

3.      Attached hereto as **Exhibit 2** is a true and correct copy of a December 21, 2015 order from the United States District Court for the District of Columbia reviving a judgment issued by the court on January 31, 2005 in the amount of $18,430,555.47, together with interest at the annual rate of

8.75% on the sum of $18,073,746.94, to be calculated based on the amount of each overdue installment included in said sum, starting on the respective due date and up to the date of full payment, plus interest at the annual rate of 5% on the sum of $356,808.52, starting on March 4, 2001 and up to the date of full payment, together with fees and costs (the "2005 Judgment" and collectively with the 2004 Judgment, the "Judgments"),

4.      Attached as **Exhibit 3** is a true and correct copy of the 2004 Judgment, registered in this Court on May 2, 2019, pursuant to 28 U.S.C. § 1963, with the United States District Court for the Southern District of New York, in the action captioned *FG Hemisphere Assocs., LLC v. Dem. Repub. of Congo, and Societe Nationale E'Electricite (S.N.E.L.)*, No. 1:19-mc-00232-JPO (S.D.N.Y.).

5.      Attached as **Exhibit 4** is a true and correct copy of the 2005 Judgment, registered in this Court on April 11, 2019, pursuant to 28 U.S.C. § 1963, with the United States District Court for the Southern District of New York, in the action captioned *FG Hemisphere Assocs., LLC v. Dem. Repub. of Congo, and Societe Nationale E'Electricite (S.N.E.L.)*, No. 1:19-mc-00189-DLC (S.D.N.Y.).

6.      Plaintiff has been deprived of substantial amounts of interest and access to its property since the Judgments have been issued.  Moreover, the DRC has given no indication that they intend to facilitate the transfer of Plaintiff's property pursuant to the Judgments.

7.      Under the circumstances and as set forth in this *ex parte* application, good and sufficient cause exists for immediate *ex parte* relief because the requested relief is necessary to prevent further harm to Plaintiff and prior notice is impractical under the circumstances.  Absent immediate relief, further delay and dissipation of the subject assets will likely result.

8.      No previous request for the relief sought in the *ex parte* application has been made to this Court or any other court.

#86147783_v1

9.      Pursuant to Fed. R. Civ. P. 69(a)(1), "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located ..."  Based on Fed. R. Civ. P. 69(a)(1), Plaintiff may invoke the enforcement devices of the CPLR to enforce the Judgments.

10.     Pursuant to Plaintiff's *ex parte* application, attached hereto as **Exhibit 5,** is the proposed Restraining Notice to be served on TD Bank, which ostensibly holds Gata's account.

11.     Pursuant to Plaintiff's *ex parte* application, attached hereto as **Exhibit 6**, is the proposed Restraining Notice to be served on UNFCU, which holds the accounts of the DRC Mission, Gata, Empole, Liolocha, Mfulu, Mpinga, and Ngung.

12.     Pursuant to CPLR § 5225(b), TD Bank and UNFCU should be ordered to immediately turn over to Plaintiff all of the assets of the DRC and its sub-division, the DRC Mission, held in accounts in the name of the DRC Mission or in any of the names of the Co-Conspirators to satisfy the Judgments. CPLR 5225(b), provides, in pertinent part:

> (b) Property Not in the Possession of Judgment Debtor. Upon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money or other personal property in which the judgment debtor has an interest, or against a person who is a transferee of money or other personal property from the judgment debtor, where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee, the court shall require such person to pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff. Costs of the proceeding shall not be awarded against a person who did not dispute the judgment debtor's interest or right to possession. Notice of the proceeding shall also be served upon the judgment debtor in the same manner as a summons or by registered or certified mail, return receipt requested. The court may permit the judgment debtor to intervene in the proceeding. The court may permit any adverse claimant to intervene in the proceeding and may determine his rights in accordance with section 5239.

13.     As explained in the accompanying Memorandum of Law, Plaintiff is not required to bring a "special proceeding" but may properly seek relief under CPLR 5225(b) by way of motion in this Federal action.

14.     This Court possesses *in personam* jurisdiction over UNFCU and TD Bank.  On August 9, 2021 at approximately 7:59 PM EST, I accessed the Corporation and Business Database (the "Corporations Database") maintained by the New York State Department of State, Division of Corporations, available at https://apps.dos.ny.gov/publicInquiry/.

15.     The Corporations Database indicates that "United Nations Federal Credit Union" is registered to do business in the state of New York, and has designated a registered agent in the State of New York for the service of process.  A true and correct copy of the record is attached hereto as **Exhibit 7.**

16.     The Corporations Database also indicates that TD Bank N.A. is registered to do business in the State of New York.  A true and correct copy of the record is attached hereto as **Exhibit 8.**

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  New York, New York
        August 10, 2021

_____
        Warren E. Gluck

#86147783_v1