# EXHIBIT 6

Warren E. Gluck, Esq.
Matthew R. DiBlasi, Esq.
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
(212) 513-3200
warren.gluck@hklaw.com
matthew.diblasi@hklaw.com

*Attorneys for Plaintiff-Judgment-Creditor*
*FG Hemisphere Associates, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FG HEMISPHERE ASSOCIATES, LLC,<br><br>　　　　　Plaintiff-Judgment-Creditor,<br><br>　　v.<br><br>DEMOCRATIC REPUBLIC OF CONGO, et ano.,<br><br>　　　　　Defendant-Judgment-Debtor. | 19-mc-00232-JPO<br><br>**RESTRAINING NOTICE**<br><br>Re: Democratic Republic of Congo, Judgment Debtor |

TO:　United Nations Federal Credit Union
　　　24-01 44th Road
　　　Long Island City
　　　New York, New York 11101

　　**WHEREAS**, on December 21, 2015, in the action captioned *FG Hemisphere v. Democratic Republic of Congo, and Societe Nationale D'Electricite*¸ Nos. 03-1314, 03-1315, the United District Court for the District of Columbia issued an order reviving: (1) a judgment issued by the Court on September 19, 2004 in the amount of $11,725,844.96, together with interest at the annual rate of 9% on the sum of $11,179,266.36, to be calculated based on the amount of each overdue installment included in said sum, starting on the respective due date and up to the date of full payment, plus interest at the annual rate of 5% on the sum of $546,578.60, starting on March 4, 2001 and up to the date of full payment, together with fees and costs (the "2004 Judgment"); and (2) a judgment issued by the Court on January 31, 2005 in the amount of $18,430,555.47, together with interest at the annual rate of 8.75% on the sum of $18,073,746.94, to be calculated based on the amount of each overdue installment included in said sum, starting on the respective due date and up to the date of full payment, plus interest at the annual rate of 5% on the sum of $356,808.52, starting on March 4, 2001 and up to the date of full payment, together with fees and costs (the "2005 Judgment", and collectively, the "Judgments"), each now enforceable by the Judgment Creditor and against Defendants Democratic Republic of Congo, and Societe Nationale D'Electricite (the "Judgment Debtors");

　　**WHEREAS**, on May 2, 2019, pursuant to 28 U.S.C. § 1963, the Judgment Creditor registered the 2004 Judgment with the United States District Court for the Southern District of New York in the

action captioned FG Hemisphere Assocs., LLC v. Dem. Repub. of Congo, and Societe Nationale E'Electricite (S.N.E.L.), No. 19-mc-00232-JPO (S.D.N.Y.);

**WHEREAS**, the Judgment Debtors have failed to satisfy the Judgments;

**WHEREAS**, post-judgment discovery shows that (i) Ignace R Gata Mavita Wa Lufuta ("Gata") holds or held an account with United Nations Federal Credit Union (together with its affiliates and subsidiaries, the "Bank"), account numbers ███████0001 and ███████0002 (account holder IGNACE R GATA MAVITA WA LUFUTA, 40 Valley View, Great Neck, NY 11021); (ii) the Permanent Mission Of The Democratic Republic Of Congo To The United Nations ("DRC Mission") holds or held an account with the Bank, account numbers ███████4623, ███████0001 (account holder: PERM MISSION OF THE D.R. CONGO, 866 UN PLZ RM 511, NEW YORK NY 10017-1851); (iii) Paul Losoko Efambe Empole ("Empole") holds or held an account with the Bank, account number ███████0001; (iv) Victoria Lieta Liolocha ("Liolocha") holds or held an account with the Bank, account number 1030832010001; (v) Hippolyte Kingonzila Mfulu ("Mfulu") holds or held an account with the Bank, account number ███████0001; (vi) Bianza Therese Yvette Mpinga ("Mpinga") holds or held an account with the Bank, account number ███████0001; (vii) Marie Huguette Nkus Ngung's ("Ngung") holds or held an account with the Bank, account number ███████0002;

**TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure 64 and 69, and pursuant to subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules, which is set forth in full herein, the Bank is hereby commanded to freeze and restrain all property, including but not limited to monies, rights, funds and accounts, or tangible or intangible assets of any kind of Gata, the DRC Mission, Empole, Liolocha, Mfulu, Mpinga, Ngung, and the Judgment Debtor, and is forbidden to make or suffer any sale, assignment or transfer of, or interference with any property in which Gata, the DRC Mission, Empole, Liolocha, Mfulu, Mpinga, Ngung, and the Judgment Debtors have an interest, except as herein provided.

**TAKE SPECIAL NOTICE: THIS RESTRAINING NOTICE IS NOT LIMITED TO GATA, THE DRC MISSION, EMPOLE, LIOLOCHA, MFULU, MPINGA, NGUNG, OR THE JUDGMENT DEBTORS' PROPERTY OR ACCOUNTS HELD BY THE BANK IN THE STATE OF NEW YORK BUT HAS WORLDWIDE FORCE AND EFFECT.**

**TAKE FURTHER NOTICE** that this notice also covers all property in which Gata, the DRC Mission, Empole, Liolocha, Mfulu, Mpinga, Ngung, and the Judgment Debtors may have an interest hereafter coming into the Bank's possession, custody, or control.

For your reference, the text of Section 5222(b) of the CPLR is set out in full here:

**Section 5222(b), Effect of restraint; prohibition of transfer; duration**.  A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated.  A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor

has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served.  All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice.  Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs.  A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint.  If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice and false swearing is punishable as a contempt of court pursuant to Section 2308 of the New York Civil Practice Law and Rules.

Dated:  New York, New York
August __, 2021

HOLLAND & KNIGHT LLP

By: */s Warren E. Gluck*

Warren E. Gluck, Esq.
Matthew R. DiBlasi, Esq.
31 West 52nd Street
New York, NY 10019
Phone: (212) 513-3200
Fax: (212) 385-9010
warren.gluck@hklaw.com
matthew.diblasi@hklaw.com

*Attorneys for Plaintiff-Judgment-Creditor FG Hemisphere Associates, LLC*